IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MELVIN LAMBERT and DANIELLE      )
CROSSMAN,                        )
                                 )
              Plaintiffs,        )
                                 )
       v.                        )          CV 120-057
                                 )
FEDEX GROUND PACKAGE SYSTEM,     )
INC.,                            )
                                 )
              Defendant.         )
                          _____

**O R D E R**
                          _____

Before the Court is the parties' Joint Motion to Add Defendant Graham Delivery Service, Inc. Pursuant to F.R.C.P. 19(a).  (Doc. no. 20.)  Plaintiff Lambert originally filed this case against FedEx Ground for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, and Plaintiff Crossman was joined as a party on June 18, 2020.  (See doc. no. 14.)  The parties stipulate Graham Delivery Service ("GDS") "is a required party under Rule 19(a) because GDS has direct contractual interests at issue, which cannot be protected without joinder and FedEx Ground risks being subject to multiple or inconsistent obligations if GDS is not joined."  (Doc. no. 20, p. 2.)

All required parties must be joined in a lawsuit unless joinder is not feasible because of service of process, subject matter jurisdiction, or venue.  Fed. R. Civ. P. 19(a)(1).  A party is required under Rule 19(a)(1) if:  "(A) in that person's absence, the court cannot afford complete relief among existing parties; or (B) that person claims an interest relating to the

subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

As to Fed. R. Civ. P. 15(a), as a general rule, leave to amend is freely given freely. Foman v. Davis, 371 U.S. 178, 182 (1962); Wedemeyer v. Pneudraulics, Inc., 510 F. App'x 875, 878 (11th Cir. 2013) (*per curiam*). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

The Court finds good cause to allow joinder of a new party. The motion is timely, the parties consent to the motion, and there is no evidence either party has acted in bad faith or the amendment would be futile or subject the parties to unfair prejudice. Accordingly, the Court **GRANTS** the parties' joint motion to amend to add GDS as a Defendant. (Doc. no. 20.) The Court **DIRECTS** the Clerk to add GDS as a Defendant in this action and docket

Plaintiffs' Second Amended Complaint, (doc. no. 20-2), as a stand-alone entry on the docket.

SO ORDERED this 10th day of August, 2020, at Augusta, Georgia.


_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA